UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER MILLER            CIVIL ACTION NO.: 12-00138-BAJ

VERSUS

CAPTAIN CREDIT, ET AL.

## ORDER

This personal injury matter is before the Court on defendants' second motion for an independent medical examination (Doc. 19). The motion is opposed (Doc. 20).

**Factual Background**

Plaintiff Christopher Miller brought this personal injury suit against defendants seeking damages for injuries he sustained as a result of being "grabbed ... and flung ... from his bunk on[to] the ground" while incarcerated at Elayn Hunt Correction Center (EHCC) on February 8, 2011 (Doc. 1-1, ¶7). As a result of the February 8, 2011, incident, plaintiff seeks damages for physical pain and suffering, physical injuries, severe emotional and mental distress, humiliation, embarrassment, medical and pharmaceutical expenses, inconvenience, punitive damages, and attorney's fees and costs (Doc. 1-1).

On or around February 11, 2011, plaintiff was examined and received treatment for his alleged injuries while housed at EHCC by one of the Department's physicians, Dr. John Prejean. Plaintiff is no longer an inmate at EHCC.

Although plaintiff alleges that he suffered various injuries in his petition, defendants' motion focuses on plaintiff's allegation that he suffered a severe injury to his left shoulder (Docs. 1-1, ¶11 and 19-8, Exhibit G, p. 13). The parties have participated in written discovery, and plaintiff was deposed on November 30, 2012. Based on plaintiff's

responses to discovery and deposition testimony, defendants contend that an independent medical examination (IME) of plaintiff is necessary to verify plaintiff's injuries, the continuous nature of his injuries, his allegations of disability, and the need for future treatment (Doc. 19). Defendants have scheduled an IME of plaintiff with Dr. Joe Morgan, a Board Certified Orthopaedic Surgeon, at the Bone and Joint Clinic of Baton Rouge, Inc., for February 6, 2013, at 9:00 a.m. Defendants seek an order from this Court compelling plaintiff to participate in the IME and compelling plaintiff to execute the HIPAA medical record release forms so that Dr. Morgan can obtain and review plaintiff's medical records prior to the IME.

Plaintiff objects to defendants' request for an IME and release of records to Dr. Morgan by arguing that defendants already had the opportunity to examine plaintiff when he was examined and treated in connection with his injury while in custody; therefore, defendants must make a stronger showing for a second examination (Doc. 20).[1] Plaintiff suggests that defendants should rely on the examination and diagnosis of their doctor at EHCC, in addition to the medical records that will be produced by plaintiff, in defending this lawsuit. Id.

## DISCUSSION

Pursuant to Rule 35(a), the Court may order a party whose mental or physical condition is in controversy to submit to a mental or physical examination upon a showing

---

[1] Defendants' request for production of documents number 2 states as follows: "Please produce plaintiff's medical records from January 1998 - January 2011. The medical release authorization form is attached." On November 30, 2012, plaintiff responded as follows: "Plaintiff objects to releasing records to Dr. Morgan, as the Defendants' request for DME was denied in R. Doc. 15. Please produce a HIPAA form which seeks to release records exclusively to Defendants." (Doc. 19-3). Plaintiff subsequently released his medical records to defendants only.

of good cause and upon specifying "the time, place, manner, conditions, and scope of the examination, as well, as the person or persons who will be performing it." Fed. R. Civ. P. 35 (a)(2)(A)-(B). Plaintiff has brought a claim for damages against defendants as a result of physical injuries sustained by plaintiff; therefore, plaintiff's physical condition is clearly in controversy in this lawsuit. Plaintiff does not object to the "time, place, manner, conditions, or scope of the examination," and defendants' December 12, 2012, letter requesting the IME of plaintiff provides plaintiff with numerous available dates to schedule the IME and information regarding the manner, conditions, and scope of the examination (Doc. 19-2).

The only issue between the parties is whether defendants have shown "good cause" for the IME of plaintiff. "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); see also *Gaubert v. Mission Resources Corp. of Delaware*, 2004 WL 877362 (E.D. La. 2004).

As a result of the February 8, 2011, incident, plaintiff was examined and treated by EHCC physician, Dr. John Prejean. Dr. Prejean is not an orthopedic surgeon. In examining and treating plaintiff, Dr. Prejean did not have access to plaintiff's medical history and did not make any findings relative to the cause of plaintiff's injuries.

Plaintiff's responses to discovery and deposition testimony indicate that plaintiff suffered three injuries to his upper chest and/or shoulder prior to the February 8, 2011, incident at EHCC, and received treatment for these injuries (Doc. 19 and Exhibits G and H). In fact plaintiff admitted in his deposition that he received medical treatment for his shoulder prior to the February 8, 2011, incident, stating as follows: "I did. They did check

on my shoulders to see if I messed up, messed it up or something, but it was really about pulled muscles." (Doc. 19-9, Exhibit H). Additionally, plaintiff testified in his deposition that he is currently taking 4 Hydrocodone pills per day for pain related to his shoulder injury, that his shoulder injury may require surgery, that his physical therapist indicated that he was disabled, and that he is unable to work and enjoy the activities of daily living as a result of the alleged injuries he sustained on February 8, 2011 (Doc. 19, Exhibits G and H). In light of plaintiff's testimony identifying several other potential causes of plaintiff's shoulder injury, and plaintiff's testimony regarding his continuous pain and suffering and need for future treatment, the Court finds that there is "good cause" for the IME of plaintiff by Dr. Joe Morgan. The IME may go forward as scheduled on February 6, 2013, or it can be rescheduled for a mutually convenient date prior to the end of the discovery deadline.

Accordingly,

**IT IS ORDERED** that defendants' second motion for an independent medical examination of plaintiff is **GRANTED (Doc. 19).**

Baton Rouge, Louisiana, this 30th day of January, 2013.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**