UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER MILLER                                    CIVIL ACTION

VERSUS                                                NO. 12-00138-BAJ-RLB

CAPTAIN CREDIT, ET AL.

**O R D E R**

This matter is before the court on a referral from the district court on defendants' motion to reset scheduling deadlines and continue the trial (rec. doc. 28) and plaintiff's motion to set rate (rec. doc. 24). Both motions are opposed (rec. docs. 34 and 35.) The court heard oral argument on April 30, 2012, on the motions.

Discussion

I. **Defendants' Motion to Reset Scheduling Deadlines and Continue the Trial**

Defendants seek a stay of this proceeding under the Servicemembers Civil Relief Act (the "SCRA"), 50 App. U.S.C. §§ 501 *et seq.*, grounded on defendant Darius Credit's activation for military service. With their application for stay, defendants submitted a letter dated January 18, 2013, from Captain Jerry A. Rodriguez, defendant Credit's commanding officer, to Elayn Hunt Correctional Center ("EHCC"), defendant Credit's employer (rec. doc. 28-2.) The letter stated that defendant Credit had been "selected for an upcoming deployment to Kuwait" and after an "initial report date" of January 31, 2013 at his home station, his unit would "proceed on February 3, 2013 to Fort Bliss, Texas with follow on travel to Kuwait." The letter further states that defendant Credit's "unit is expected to return from this deployment in January of 2014."

A party to a civil action who is in military service and has received notice of the proceeding may be entitled to a stay under the SCRA. 50 App. U.S.C. § 522(a). Upon

application, a court shall stay the proceeding for at least 90 days if the servicemember submits information satisfying the requirements of Section 522(b)(2). 50 App. U.S.C. § 522(b)(1). First, the application must include a "letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." 50 App. U.S.C. § 522(b)(2)(A). Second, the application must include a "letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 App. U.S.C. § 522(b)(2)(B).

At oral argument, defense counsel represented that it was her understanding that defendant Credit was currently deployed to Kuwait. That representation is consistent with the timeline provided by the January 18, 2013 letter. Defense counsel's representation and the January 18, 2013 letter satisfy the first set of requirements under Section 522(b)(2)(A), namely that defendant Credit's deployment to Kuwait materially affects his ability to appear in this proceeding and defendant Credit will be available to appear no sooner than sometime in February 2014.

The letter, however, does not provide sufficient information to satisfy the second set of requirements under Section 522(b)(2)(B). Although it is a "letter or other communication from the servicemember's commanding officer," it does not state "that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 App. U.S.C. § 522(b)(2)(B). Accordingly, defendants' application for a mandatory stay under the SCRA is deficient.

Nevertheless, this Court has discretion to deny or grant the stay based upon its inherent power to control its docket. *Bayer AG v. Novartis Crop Prot. Inc.,* No. 98-996-C-M2, 2000 WL 1124513, at *2 (M.D. La. June 29, 2000). Other federal district courts have granted discretionary stays on their own motion where the absence of the servicemember would materially prejudice the prosecution of an action, but the servicemember's application for a mandatory stay fails to satisfy the requirements Section 522(b)(2). *See*, *e.g.*, *Keane v. McMullen*, No. C 07-04894 SBA, 2009 WL 331455 (N.D. Cal. Deb. 11, 2009) (granting stay for full period of servicemember's service on active duty); *Bailey v. Robinson*, No. C08-1020RSL, 2009 WL 1444650 (W.D. Was. May 20, 2009) (granting stay of over 4 months); *United States v. Smith*, CIV 04 859 C, 2006 WL 2338267 (W.D. Okla. Aug. 10, 2006) (granting stay for 90 days).

Accordingly, this Court will stay these proceedings for 90 days from the date of this order. Prior to the termination of the stay, defendants are advised to submit an application for additional stay under 50 App. U.S.C. § 522(d)(1) containing the information required under 50 App. U.S.C. § 522(b)(2).

**II.     Plaintiff's Motion to Set Rate**

The parties' briefing submitted on plaintiff's motion to set rate raises three interrelated issues: (1) whether the hourly deposition rate of Dr. Joe Morgan of the Bone and Joint Clinic of Baton Rouge, Inc. is reasonable; (2) whether the independent medical examination (IME) report submitted by Dr. Morgan satisfied Fed. R. Civ. P. 35(b)(2); and (3) whether plaintiff must bear the cost of obtaining copies of his own medical reports obtained by defendants and provided to Dr. Morgan for the purpose of conducting the IME.

Plaintiff represents in his motion that he was examined during the "DME" by Dr. Morgan, and that he now wishes to take the deposition of Dr. Morgan following the examination

and his report. Dr. Morgan seeks to charge $1,500.00 per hour for the deposition. Plaintiff argues that $1,500 per hour for a deposition is above the "customary and predominating rate for a medical expert deposition" and seeks an order from this Court setting a reasonable rate for the deposition.

Defendants oppose plaintiff's motion by arguing that the fee charged by Dr. Morgan is reasonable and should be allowed. Defendants offer evidence to show that the fee is consistent with fees charged for depositions by plaintiff's own treating physician, Dr. Louis Blanda, an orthopaedic surgeon. Defendants also provide that the fee they were charged by Dr. Morgan for the IME and report is consistent with the fee charged by Dr. Morgan for a deposition.

It remains within the Court's discretion to set the expert deposition fee at an amount that it deems reasonable. *See Borel v. Chevron U.S.A., Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010). Courts consider the following criteria in determining the reasonableness of the expert witness fee at a deposition: "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26." *Id*.

Dr. Morgan is a Board certified orthopaedic surgeon. Plaintiff offers no evidence to support his argument that Dr. Morgan's fee is "above the customary and predominating rate for a medical expert deposition" or that his fee is unreasonable (rec. doc. 24). Defendants, however, offer evidence that Dr. Morgan's deposition fee of $1,500.00 per hour is consistent with the "prevailing rates of other comparably respected available experts," including plaintiff's own

treating physician in this case, Dr. Blanda, a Board certified orthopaedic surgeon with less experience than Dr. Morgan who charges $1,300 per hour for depositions (rec. doc 43, Exhibit A and B). Defendants also state that Dr. Morgan charged them a fee of $2,000 for the IME and the report (rec. doc. 25.) Furthermore, this Court has ruled in a recent order that $1,500 per hour is a reasonable fee for the deposition of a Board certified orthopaedic surgeon in the community, based in part on the review of fees charged by seven local physicians for deposition testimony. *See Adams v. Dolgencorp, LLC*, No. 11-cv-00784-JJB-RLB, Rec. Doc. 113 (M.D. La. Mar. 28, 2013).[1]

In light of plaintiff's failure to offer evidence to show that the $1,500 deposition fee charged by Dr. Blanda is unreasonable, the evidence offered by defendants which indicates that the fee is a reasonable fee, and this Court's ruling just over one month ago that such fee is a reasonable fee, the Court will deny plaintiff's motion to set rate.

Plaintiff also argues that Dr. Morgan's IME report does not meet the standards of Fed. R. Civ. P. 35(b)(2) because the "report merely states a litany of records and a conclusion" (rec. doc. 24-2.) Defendants countered that the IME report is sufficient because it "clearly states the findings of the IME, Dr. Morgan's diagnosis and the results of the tests he performed during the examination" (rec. doc 25.) After a review of the IME report, the Court finds that its contents are sufficient for the purpose of Fed. R. Civ. P. 35(b)(2).

To the extent plaintiff's position is that Dr. Morgan's findings in the IME report, including any diagnoses, conclusions, or results of any tests, are unsupported or conclusory, that issue can be explored further by plaintiff at Dr. Morgan's deposition. On April 11, 2013, defendants filed with the Court a copy of their notice designating Dr. Morgan as one of their

---

[1] Plaintiff's counsel in this action was also Plaintiff's counsel in *Adams v. Dolgencorp, LLC*, No. 11-cv-00784-JJB-RLB.

expert witnesses (rec. doc. 40.) At oral argument, defense counsel represented that defendants have provided plaintiff with Dr. Morgan's expert report. Plaintiff has not yet reviewed the expert report, but will have an opportunity to depose Dr. Morgan regarding his expert report and opinions submitted on behalf of the Defendants at a later time.

Finally, plaintiff argued that he was entitled to a copy of all of his medical records obtained by defendants by subpoena and provided to Dr. Morgan to conduct the IME. Defendants argued that plaintiff must pay for any copying costs required for producing those medical records. At oral argument, defense counsel advised the Court that defendants had provided all outstanding medical records requested by plaintiffs without charge. The issue is therefore moot.

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to reset scheduling deadlines and continue the trial (rec. doc. 28) is **GRANTED IN PART and DENIED IN PART**. This litigation and all related proceedings are hereby **STAYED** for 90 days from the date of this order. Within 90 days of this order, defendants may submit an application for additional stay under 50 App. U.S.C. § 522(d)(1). Such application shall contain the information required under 50 App. U.S.C. § 522(b)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion to set rate (rec. doc. 24) is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 1, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**