UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER MILLER

CIVIL ACTION

v.

NO. 12-138-JWD-RLB

CAPTAIN CREDIT, ET AL.

**RULING AND ORDER ON MOTIONS IN LIMINE AND OPPOSITION**

This matter is before the Court on several motions in limine (R.Docs. 87-89) filed by the Plaintiff, Christopher Miller ("Plaintiff"), and on the Defendants' Opposition to Plaintiff, Christopher Miller's, Declaration Concerning the January 7, 2015 IME (R.Doc. 74). The motions are opposed. (R.Doc. 86, 93-95). Having carefully considered the law and facts in the record, the Court makes the following rulings.

**A. Comparative Fault**

The Motion in Limine regarding Comparative Fault (R.Doc. 87) is DENIED. First, Plaintiff seeks the exclusion of all evidence related to the comparative fault of the Plaintiff. However, the Plaintiff has made a claim under 42 U.S.C. § 1983 for excessive force in violation of the Eighth Amendment. (R.Doc. 1-1). Evidence of the Plaintiff's conduct may be relevant to certain factors related to that claim. *See Sonnier v. Honeycutt*, No. 12-292, 2015 WL 222317, at *3 (M.D.La. Jan. 14, 2015) (Jackson, C.J.) (and cases cited therein). Second, Plaintiff has asserted a state law negligence claim. (R.Doc. 1-1). Evidence of comparative fault would clearly be relevant for this claim. Accordingly, the motion is denied.

**B. Inmate Witnesses**

The Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (R.Doc. 88) is DENIED WITHOUT PREJUDICE. The Defendants represent in their motion

that the Plaintiff is calling three inmate witnesses to testify on her behalf and that "[s]ome of the witnesses were convicted of crimes that were punishable by imprisonment for more than one year less than 10 years ago." Neither party has provided information concerning which witnesses were convicted of what crimes, so the Court cannot rule on this issue at this time.

However, the Court can provide the following guidelines in answering the motion. Both parties are correct that, as this Court explained in *Johnson v. Cain*, No. 09-0454, 2011 WL 2437608 (M.D.La. June 17, 2011) (Noland, M.J.), the "prejudice-weighing prerequisite to admissibility of felony convictions [under Fed.R.Evid. 609] applies only in criminal trials," and "Rule 609(a)(1) requires impeachment of a civil witness with evidence of prior felony convictions regardless of ensu[ing] unfair prejudice to the witness or the party offering the testimony." *Id.* at *1 (quoting *Coursey v. Broadhurst*, 888 F.2d 338 (5th Cir. 1989)). Thus, for witnesses whose convictions are less than ten years old, the Court will allow impeachment of these witnesses with the fact of conviction, the name of the crime, and the date of the conviction.

But, as in *Johnson*, the Court will exercise its discretion and recognize that, "although the *fact* of any such convictions may be admissible, evidence regarding the factual details surrounding or underlying the convictions should be excluded as irrelevant and as calculated only to inflame the jury." *Id.* *See also Sonnier*, 2015 WL 222317, at *4 ("should Defendants be permitted to introduce evidence of the [inmate] witnesses' convictions at trial, evidence regarding the factual details surrounding or underlying the convictions will be excluded as irrelevant and inflammatory").

As to witnesses whose convictions are more than ten years old, the Plaintiff complains that no prior written notice was given under Rule 609(b), so evidence of the convictions is inadmissible. However, Rule 609(b) states: "This subdivision (b) applies if more than 10 years

2

have passed since the witness's conviction or release from confinement for it, *whichever is later.*" If these witnesses are still incarcerated, "Rule 609(b) is not applicable." *Boyd v. Louisiana*, No. 03-1249-P, 2008 WL 920306, at *2 (W.D.La. April 4, 2008). Thus, Rule 609(b) is inapplicable to these inmate witnesses, and no written notice was required. Further, there is no weighing of probative value versus prejudicial effect, as required by Rule 609(b)(1).[1]

Finally, the Plaintiff complains that "no documents have been produced of any convictions." (R.Doc. 99). However, the Plaintiff has failed to produce any evidence wherein she requested in discovery documents concerning such convictions. Accordingly, this does not factor into the Court's analysis.

In sum, the Court needs more details to make a ruling on this motion. At the conference conducted at 8:30 a.m. on March 23, 2015, before trial, the Court will gather the necessary information and rule on this motion, in accordance with the above principals.

**C. Plaintiff's Conviction and Disciplinary Reports**

The Motion in Limine to Suppress Testimony and Evidence (R.Doc. 89) is GRANTED IN PART, DENIED IN PART WITH PREJUDICE and DENIED IN PART WITHOUT PREJUDICE. The Plaintiff seeks the exclusion of any evidence of his prior convictions and his disciplinary reports. The Defendants claim the disciplinary report is relevant to why the Plaintiff was housed in the Beaver 3. The Defendants claim that the conviction is relevant as to the false imprisonment claim and is admissible impeachment evidence under Rule 609.

The record reflects that the Plaintiff was convicted of possession of cocaine. As explained above, Rule 609(a)(1) requires the introduction of evidence of a conviction for impeachment purposes if "in the convicting jurisdiction,[the crime] was punishable … by

---

[1] Under 609(b)(1), evidence of a conviction more than ten years old is admissible only if, in addition to the written notice, the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

3

imprisonment for more than one year." Cocaine is a Schedule II controlled dangerous substance. 21 C.F.R. § 1308.12(b). According to La. R.S. 40:967(C)(2), anyone convicted of possession of a Schedule II controlled substance is subject to imprisonment for a maximum sentence of five years. Accordingly, the Plaintiff's motion to exclude evidence of the conviction for purposes of impeachment is overruled. However, as explained above, evidence related to the facts underlying the crime are inadmissible as irrelevant, prejudicial, and inflammatory. *See Johnson*, 2011 WL 2437608, at *1; *Sonnier*, 2015 WL 222317, at *4.

The conviction is not relevant to the merits. At the pretrial conference, the Plaintiff waived his false imprisonment claim. Accordingly, the motion is granted in that the conviction shall not be admitted for any purpose other than impeachment. A limiting instruction will be given if Plaintiff requests it.

There is no evidence concerning the nature of the Plaintiff's arrest; while inadmissible under Rule 609, this evidence could be admissible under Rule 404(b) as evidence of intent or absence of mistake, depending on the nature of the arrest. Accordingly, the motion is denied without prejudice on this issue as well. The Court will rule on this issue if it arises at trial in accordance with the Federal Rules of Evidence. However, Defendants are cautioned to alert the Court before the question is asked so the issue can be aired outside the presence of the jury.

As to the disciplinary report and charges, while neither party has submitted the contents of disciplinary reports (other than to state that the disciplinary reports show why the Plaintiff was housed in the Beaver 3 unit, the maximum security area of Hunt), the Court finds that any probative value that the disciplinary reports would show in explaining why the Plaintiff was housed in the Beaver 3 unit (which is extremely minimal) is substantially outweighed by the high

likelihood of prejudice caused by the likely contents of these disciplinary reports.  Accordingly, the Court grants the Plaintiff's motion and excludes the disciplinary reports.[2]

**D. Court Costs of IME**

Finally, the Defendants' Opposition to Plaintiff, Christopher Miller's, Declaration Concerning the January 7, 2015 IME (R.Doc. 74) is OVERRULED.  The Court previously ruled that the cost of the missed independent medical examination would be taxed as a cost of court.

**E. Conclusion**

Accordingly,

**IT IS ORDERED** that the Motion in Limine regarding Comparative Fault (R.Doc. 87) is **DENIED**;

**IT IS FURTHER ORDERED** that the Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (R.Doc. 88) is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Motion in Limine to Suppress Testimony and Evidence (R.Doc. 89) is **GRANTED IN PART**, **DENIED IN PART WITH PREJUDICE**, and **DENIED IN PART WITHOUT PREJUDICE.**  Evidence of the Plaintiff's conviction for possession of cocaine shall be admissible solely for the purpose of impeachment, and a limiting instruction will be given if Plaintiff requests it.   If Defendants seek to use evidence related to the Plaintiff's arrest, then they must alert the Court before the question is asked so that the issue can be aired outside the presence of the jury.  The disciplinary reports and charges are excluded from evidence; and

---

[2] The Court also notes that, as this Court explained in *Sonnier*, "Disciplinary reports are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute inadmissible hearsay under Rules 801(c) and 802." 2015 WL 222317, at *3. Had these reports been relevant, the Court would have been required to review the contents of the reports to determine if a hearsay exception applied, as reflected by *Sonnier*. But, given the finding that these reports are not relevant, this issue need not be addressed.

**IT IS FURTHER OREDRED** that the Defendants' Opposition to Plaintiff, Christopher Miller's, Declaration Concerning the January 7, 2015 IME (R.Doc. 74) is **OVERRULED**.

Signed in Baton Rouge, Louisiana, on <u>March 18, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**